Curtis B. Buchhammer
Buchhammer & Kehl, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
(307) 634-2199 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

GEORGIA-PACIFIC, LLC,                    )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )      Civil Action No. 10-CV-0083-D
                                         )
DIVERSIFIED TRANSFER AND                 )
STORAGE, INC., and WILSHIRE              )
INSURANCE COMPANY,                       )
                                         )
            Defendants.                  )

### JOINDER BY DEFENDANT WILSHIRE INSURANCE
### COMPANY IN DEFENDANT DIVERSIFIED'S OPPOSITION
### TO MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Defendant Wilshire Insurance Company ("Wilshire"), by and through

counsel, and joins Defendant Diversified Transfer and Storage, Inc. ("Diversified"), in its

response to Plaintiff's Motion for Partial Summary Judgment.  In doing so, Wilshire

provides the following additional argument and citation to authority:

At page 5 of its responsive brief, Diversified discusses whether it had any

contractual obligation to obtain insurance that covered Georgia-Pacific, LLC ("G-P") for

its own acts or omissions.  Diversified cited the Court to *Georgia-Pacific, LLC, et al., v.*

*Swift Transportation Corp.*, W2008-00344-COA-R3-CV (Tenn. App. 2008), which provided some discussion on the subject of additional insureds. As a preliminary matter, Wilshire wholly agrees that Diversified had no contractual obligation to assure that G-P was insured for its own negligent acts. Integral to the discussion is the subject of what, if any, duties are owed by an insurer to an additional insured.

So that there is no confusion on the subject, Wilshire disputes that G-P was an additional insured under the policy now at issue. In that regard, the declarations page (Exhibit "A") of the Wilshire policy does not identify G-P as an additional insured; the definitions section of the policy (Exhibit "B") does not define an insured or additional insured to include an entity such as G-P; a certificate of insurance (Exhibit "C") provided to G-P by an insurance agency clearly provides that it is for information purposes only and does not alter or expand upon the terms of the actual policy; and there are no endorsements to the Wilshire policy adding G-P, or anyone else, as an additional insured (Exhibit "D"). In those situations, such as that now at bar, where there is no endorsement for an additional insured, the case of *Cermak v. Great West Cas. Co.*, 2 P.3d 1047 (Wyo. 2000), is on point. In *Cermak*, the Wyoming Supreme Court gave precedential effect to a decision by the United States District Court, District of Wyoming, regarding a very similar situation in which there was a certificate of insurance implying that a party was an additional insured, but no endorsement making that party an additional insured. This Court held, and the Wyoming Court seemingly agreed, that absent an endorsement to a commercial general liability policy that makes an entity as additional insured, they are not

2

an additional insured.

Presuming, *arguendo*, that G-P was an additional insured, there would still be no coverage under the Wilshire policy because it only applies to the acts or omissions by the named insured and does not extend coverage to an additional insured for its own negligence. In situations where an additional insured endorsement exists, they routinely exclude coverage for that person or entities own negligence. The additional insured endorsement extends coverage based upon vicarious liability for the acts or omissions of the named insured. In *Pekin Insurance Co. v. Roszack/ADC, LLC,* 2010 WL 2571815 (Ill. App. 1 Dist.), at issue was whether the insurer had any duty to defend a claim asserted against an additional insured when there were no claims or allegations in the underlaying personal injury action against the named insured. In concluding that there was not, the court wrote:

> We continue to agree with our earlier decisions finding that direct allegations of negligence against an additional insured do not fall within coverage granted " 'only with respect to liability incurred solely as a result of some act or omission of the named insured and not for [the additional insured's] own independent negligence or statutory violation."

*Pekin* at p. 6, quoting *Pekin Insurance Co. v. Beu*, 367 Ill.App.3d at 297, 305 Ill.Dec. 208, 854 N.E.2d 800 (2007). Also see *Pekin Insurance Co. v. United Parcel Service, Inc.*, 381 Ill.App.3d 98, 104, 319 Ill.Dec. 115, 885 N.E.2d 386 (2008).

WHEREFORE, Defendant Wilshire respectfully suggests that Plaintiff's motion for partial summary judgment against Defendant Diversified is without merit and should be denied.

DATED this _5ᵗʰ_ day of August, 2010.

Wilshire Insurance Company, Defendant.

By: _____

Curtis B. Buchhammer, # 5-2230
Buchhammer & Kehl, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, Wyoming 82003-0568
(307) 634-2184
Fax (307) 634-2199
E-mail:  cbb@wyoming.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded as noted below, this 5th day of ~~June,~~ August, 2010:

Billie LM Addleman
Whitney M. Agopian
Hirst Applegate, LLP
P.O. Box 1083
Cheyenne, WY 82003-1083

| | |
|---|---|
| | Facsimile |
| | U.S. Mail |
| | Overnight Courier |
| x | Electronic Service via CM/ECF |

George Santini
Ross, Ross & Santini, LLC
307 E. 18th St.
Cheyenne, WY 82001

| | |
|---|---|
| | Facsimile |
| | U.S. Mail |
| | Overnight Courier |
| x | Electronic Service via CM/ECF |

Liese G. Howarth
Gallagher & Howarth, P.C.
P.O. Box 869
Suffield, CT 06078

| | |
|---|---|
| | Facsimile |
| | U.S. Mail |
| | Overnight Courier |
| x | Electronic Service via CM/ECF |

Curtis B. Buchhammer