**BILLIE LM ADDLEMAN**
**WHITNEY M. AGOPIAN**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
wagopian@hirstapplegate.com

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGIA-PACIFIC LLC, | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | Civil No. 10-CV-0083-D |
| | } | |
| DIVERSIFIED TRANSFER AND | } | |
| STORAGE, INC. and WILSHIRE | } | |
| INSURANCE COMPANY, | } | |
| | } | |
| Defendant. | } | |

## *GEORGIA-PACIFIC LLC'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DIVERSIFIED TRANSFER AND STORAGE, INC.*

Georgia-Pacific LLC ("Georgia-Pacific") contracted with Diversified Transfer and Storage, Inc. ("Diversified") to provide freight hauling services. To protect itself from the risks associated with the Contract, including potential claims filed by carriers identified, selected, and hired by Diversified, Georgia-Pacific included specific indemnity

and insurance requirements in the Contract.   Specifically, Georgia-Pacific was to be defended, indemnified, and held harmless for claims arising out of the work Diversified's carriers were hired to perform.

Diversified, not Georgia-Pacific, hired R. Waltman Trucking, to haul cargo from the Georgia-Pacific facility.   While tarping his load, in a vacant dirt lot, by himself, Richard Waltman fell seriously injuring himself. Despite its contractual agreement to indemnify, defend and hold harmless for the work it agreed to undertake, Diversified wants to avoid its obligation to defend, indemnify and hold harmless.   Further, although it was required to "obtain and maintain" "insurance covering the risks incident" to the Contract, Diversified seeks to avoid any responsibility for its failure to ensure the appropriate insurance was in place.

> **A.    Diversified fails to provide any argument that Georgia-Pacific owed a duty and was negligent and summary judgment should be granted on duty to indemnify.**

Rule 56(e)(2) of the Federal Rules of Civil Procedure provides:

(2) *Opposing Party's Obligation to Respond*. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Diversified has failed to provide the Court with any admissible evidence disputing the facts set forth in Georgia-Pacific's motion for summary judgment.

Additionally, Diversified has not presented any legal argument that Georgia-Pacific owed a duty to Richard Waltman. Diversified has not presented any evidence or argument that Georgia-Pacific was negligent. Thus, under Rule 56(e)(2), the Court should find Diversified failed to present any argument creating a question of fact and as a matter of law Georgia-Pacific was not negligent, and, pursuant to the terms of the contract, Diversified must indemnify Georgia-Pacific.

### B.    Diversified's motion to strike is without merit and should be denied.

Diversified's duty to indemnify Georgia-Pacific is rather simple. It must indemnify Georgia-Pacific for claims "arising out of or predicated upon the operation of trucks" by its carriers, like R. Waltman Trucking, "with which [Diversified] has contracted for movement of [Georgia-Pacific's] freight." Diversified does not dispute the claim arises from its carrier's movement of freight under the contract. Diversified does not have to indemnify Georgia-Pacific for claims "caused by an act or omission of [Georgia-Pacific] or its agents, servants or employees." In other words, Georgia-Pacific is not entitled to indemnity when the injury is "caused by the negligence of Georgia-Pacific." **However, if Georgia-Pacific was not negligent it is owed indemnity**.

In Wyoming, negligence is predicated on an owed duty. If there is no duty there is no negligence. Whether Georgia-Pacific owed a duty to Richard Waltman or was negligent is relevant to the Court's determination of this case. In fact, it is crucial to

determining whether Georgia-Pacific is entitled to indemnity. The Court must consider the arguments set forth on the issue of duty and not strike them. Otherwise, the Court cannot determine if indemnity is appropriate. Consequently, Diversified's motion to strike lacks merit and should be denied.

In 2006, the year of the Waltman incident, the United States District Court for the District of Wyoming ruled that owner/operators do not owe a duty to an independent truck driver. *Boswell v. CETCO*, 236 F.R.D. 682, 691-93 (D. Wyo. 2006). Specifically, the Court held that an owner/operator does not have to provide fall protection to a driver tarping his load. Since Georgia-Pacific did not owe Waltman that duty, it cannot be found negligent. Further, the undisputed facts are that Waltman tarped the load by himself and that no one from Georgia-Pacific assisted, supervised, or told Waltman how to tarp his load. Thus, Waltman's injuries were not "caused by an act or omission" of Georgia-Pacific.

### C.    Diversified cannot insert new terms into the contract.

Diversified argues that negligence is irrelevant in determining whether Diversified owes indemnity. In fact, Diversified argues that "the Court does not need to find [Georgia-Pacific] negligent as a matter of law." Instead, Diversified suggests the Court only needs to look at the allegations in the Waltman Complaint to determine whether the duty to indemnify is implicated. Diversified grossly misstates what is required under the terms of the Contract. More importantly, Diversified fails to identify where in the Contract it states indemnity is determined only on the claimant's allegations.

HIRST APPLEGATE, LLP                          - 4 -
LAW OFFICES
1720 CAREY AVENUE, SUITE 200
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

Nowhere in the terms of the Contract does it provide that Diversified only needs to look at the allegations of the Complaint to determine if it owes indemnity. Further, nowhere in the Contract does it state that Diversified is relieved of its duty to indemnify Georgia-Pacific if the claimant only alleges Georgia-Pacific was negligent. Diversified cannot now insert that provision into the Contract. The allegations of Richard Waltman are irrelevant. As stated above, the determinative issue is whether or not Georgia-Pacific was NEGLIGENT. Pursuant to the terms of the contract, Diversified owes indemnity since Georgia-Pacific was not negligent.

### D.    Diversified has not suffered any prejudice.

Diversified complains that it is unfair for it to respond to the legal arguments made in Georgia-Pacific's motion for partial summary judgment as it was not involved in the Waltman case and has no access to the discovery conducted in that case. There is no prejudice present. Further, if there was any prejudice it is the result of Diversified's own creation.

First, Diversified and its insurer had an opportunity to participate in the underlying case and chose not to. *Complaint* at ¶16. Further, Diversified was on notice of the suit and could have intervened to protect its interests. *See Farmers v. Eklund*, 86 P.3d 259, 263 (Wyo. 2004) (a potential indemnitor may intervene to protect its interests). Diversified cannot now complain that it is prejudiced because it lacked an opportunity to participate in discovery.

Second, after receiving notice of the incident in May 2006, Diversified could have investigated the incident. Wilshire, Diversified's insurer, did investigate the incident, hired an independent adjuster, and obtained a recorded interview of Waltman. Diversified, for whatever reason, did not investigate the incident. Of course, this means that Diversified concluded that Georgia-Pacific was negligent without conducting any form of investigation.

Third, Diversified could have sought to conduct discovery into the facts of the incident pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) allows a party opposing a motion for summary judgment to show by affidavit that it cannot present facts essential to justify its opposition to the motion. Instead, Diversified provides no response to the undisputed facts and legal arguments set forth by Georgia-Pacific and simply claims it is prejudiced by a lack of access to discovery.

### E. Diversified confuses the duty to defend and the duty to indemnify.

The duty to defend and duty to indemnify are two separate independent duties. Diversified mistakenly assumes they are the same. For example, Diversified cites case law that "the words of a contract of <u>indemnification</u> must be construed strictly against the indemnitee" and "[u]nless the words of a contract explicitly show an agreement to <u>indemnify</u> another party for his own negligence, such an agreement cannot be implied." The mistake Diversified makes is that both of those quotations go to the <u>duty to indemnify</u> NOT the duty to defend, which is a separate independent obligation.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 200
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

While the contract provides that Georgia-Pacific is not entitled to indemnity for claims arising out of its own negligence, Diversified still owes Georgia-Pacific a defense. Under the terms of the Contract, Diversified must defend claims arising out of the operation of trucks by Diversified or its Carriers.

The duty to defend is separate and apart from the duty to indemnify. While the Contract provides "that this hold harmless and indemnity shall not apply to the extent that the action giving rise to the claim was caused by an act or omission of G-P or its agents, servants or employees," no such qualification applies to the duty to defend.[1] Consequently, Diversified must accept the defense and defend Georgia-Pacific even if it was negligent.

Based on the plain language of the contract, Diversified must defend Georgia-Pacific for the claims brought by Richard Waltman since they arise from the work called for under the Contract.

### F. Diversified did not fulfill its contractual duties regarding insurance of R. Waltman Trucking.

---

[1] (c)    COMPANY further covenants and agrees, and it hereby binds itself, at its own sole cost and expense, to defend, save harmless and indemnify G-P, its officers, employees and customers, from and against any and all manner of suits, claims, judgments, demands, costs, attorneys' fees, charges, debts, dues, liabilities, and payments of money of any sort or nature whatsoever on account of injury to or the death of persons or loss of or damage to property in any manner whatsoever, arising out of or predicated upon the operation of trucks of or by COMPANY, its agents, employees or Carriers with which COMPANY has contracted for movement of G-P's freight, or the conduct of the business of COMPANY, or the transportation and handling of goods by COMPANY, or by its agents, employees or Carriers with which COMPANY has contracted for movement of G-P's freight, whether pursuant to this Agreement or otherwise, provided that this hold harmless and indemnity shall not apply to the extent that the action giving rise to the claim was caused by an act or omission of G-P or its agents, servants or employees.

Contrary to its assertion, Diversified did not fulfill its contractual duties with respect to R. Waltman Trucking's insurance. The Contract clearly states that Diversified will ensure that its carriers obtain workers' compensation and "any and all insurance specified in Appendix A." *See* Contract at ¶ 8.

R. Waltman Trucking was required to purchase Auto Liability coverage and name Georgia-Pacific as an additional insured. *See Appendix A.* Diversified failed to ensure that Georgia-Pacific was designated as an additional insured under that policy and thus breached the contract. *See Certificate of Liability Insurance,* attached as **Exhibit A**.

Further, Appendix A provides that Diversified will either obtain and maintain, or ensure that its carriers obtain and maintain, both "Workers' Compensation with statutory limits" and "Employer's Liability with $100,000 per occurrence" coverage. *See* Contract at Appendix A.    According to the Acord Certificate of Liability Insurance referenced in Diversified's Response and produced in Diversified's self-executing discovery, R. Waltman Trucking did not have workers' compensation insurance or employer's liability insurance and, therefore, Diversified was again in breach of the Contract. *See Certificate of Liability Insurance.*

Even if Nebraska law did not require workers' compensation coverage, which it does,[2] Diversified was required to make certain R. Waltman Trucking had the employer's liability insurance required under the Contract.  Employer's liability insurance provides coverage for employees who are injured on the job, similar to workers' compensation. *See Ruston Drilling Co. v. U.S. Fidelity & Guaranty Co.,* 81 F.2d 943, 943 (8th Cir. 1936) (stating that the employer's liability policy required insurance company to settle and/or defend all claims resulting from liability imposed upon the insured for bodily injuries suffered by an employee or employees of insured.); *Boyle-Farrell Land Co. v. Standard Acc. Ins. Co.,* 24 F.2d 55, 55 (8th Cir. 1928) (same).

If R. Waltman Trucking had either workers' compensation coverage or employer's liability insurance in place, Richard Waltman could have recovered the cost of his medical bills and other costs related to the accident from R. Waltman Trucking. However, Richard Waltman could not recover from his employer through the avenues required under the Contract because of Diversified's breach and, consequently, Waltman sued Georgia-Pacific.  Georgia-Pacific has suffered damages in defending the suit brought by Waltman and, therefore, this Court should find Diversified breached the Contract.

Finally, in its motion for summary judgment, Georgia-Pacific stated that one of Diversified's breach of the contract was its failure to ensure R. Waltman Trucking

---

[2]  Under Nebraska law, the Workers' Compensation Act applies to "every resident employer in the state...." Neb. Rev. Stat. § 48-106 (2010).  R. Waltman Trucking was a resident employer and, therefore, required to provide workers' compensation coverage.

obtained a CGL policy.  Robert Waltman testified that R. Waltman Trucking did not have a CGL policy.  Since the filing of the motion, Diversified has produced a copy of R. Waltman Trucking's CGL policy.  Consequently, Georgia-Pacific withdraws that portion of its breach of contract claim.

### G. Diversified misstates the coverage afforded an additional insured.

Under the Contract, Diversified agreed to "obtain and maintain, during the terms of the [Contract], insurance covering the risks incident" to the Contract including specific minimum limits. *See Appendix A.*   In other words, Diversified was required to have insurance in place to cover the risks associated with truck drivers transporting freight.  The requirements to obtain the appropriate insurance policies and that Georgia-Pacific was named as an additional insured was simply a manner of ensuring the appropriate "insurance covering the risks incident" to the Contract was in place.

Diversified suggests that an "additional insured" status would only cover Georgia-Pacific to the extent it was sued under a theory of respondeat superior or vicarious liability of the first named insured. *See Diversified's Response* at p. 6.  Diversified provides no case law or other authority for that argument.  Further, it is simply not the case.  In fact, counsel has defended clients that were provided coverage as additional insureds.

"Although an insurer may limit the coverage provided to an additional insured, in order to do so, it must include in the endorsement explicit language that would exclude particular causes of losses suffered." *Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co.,*

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 200
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

184 P.3d 390, 396 (D. Nev. 2008)(an additional insured was entitled to insurance coverage, regardless of fault, so long as the injury suffered was connected to the named insured's operations performed for the additional insured's benefit). Absent an express exclusion, the insurance should be construed broadly in favor of coverage for the additional insured. *Id.* This is the majority rule. *Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.*, 243 F.3d 1232, 1237 (10th Cir. Wyo. 2001)(finding that an additional insured was entitled to coverage for its own negligence). If an insurer "really intended to limit coverage under the additional insured Endorsement to those situations in which an added insured . . . was to be held vicariously liable only for the negligence of a principal insured" then the insurer "was free to draft that intention." *Merchants Ins. Co. v. U.S.F&G.* 143 F.3d 5, 10 (1st Cir. 1998);[3] *see also BP Chemicals. Inc. v. First State Ins. Co.*, 226 F.3d 420, 425-26 (6th Cir. 2000)(construing an additional insured endorsement against coverage when the endorsement explicitly excluded coverage for the negligent acts of the additional insured). Here, Diversified breached its contract when it failed to ensure Georgia-Pacific was properly named as an additional insured on R. Waltman Trucking's Auto Liability Policy. Consequently, no additional insured endorsement was incorporated into the policy.

*WHEREFORE*, Georgia-Pacific LLC respectfully requests the Court grant its Motion, to enter judgment in its favor on the breach of contract for duty to defend and

---

[3] For example, the endorsement can state "but only with respect to acts or omissions of the named insured." *Merchants*, 143 F.3d at 10.

indemnify, and breach of contract for failure to ensure appropriate insurance coverage, to award the relief sought in the *Complaint*, to hold a hearing to determine damages, if necessary, and for such other and further relief as the Court may find just.

Dated:  6 August 2010.

GEORGIA-PACIFIC LLC, Plaintiff

BY: _____

**BILLIE LM ADDLEMAN, #6-3690**
**WHITNEY M. AGOPIAN, #7-4521**
OF HIRST APPLEGATE, LLP
Attorneys for Plaintiff
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
wagopian@hirstapplegate.com

*CERTIFICATE OF SERVICE*

I certify the foregoing **Plaintiff Georgia-Pacific, LLC's Reply Brief in Support of Motion for Partial Summary Judgment Against Diversified Transfer and Storage, Inc.** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 6 August 2010, and that copies were served as follows:

Amanda R. Lenning
Patten, Peterman, Bekkedahl & Green, PLLC
2817 Second Avenue North, Suite 300
Billings, MT 59101
T: 406-252-8500
F: 406-294-9500
Email: alenning@ppbglaw.com
*Attorney for Diversified Transfer & Storage*

[ ✓ ] E-FILE
[   ] US MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED

Curtis B. Buchhammer
Buchhammer & Kehl, P.C.
1821 Logan Avenue
PO Box 568
Cheyenne, WY 82003-0568
T: 307-634-2184
F: 307-634-2199
Email: cbb@wyoming.com
*Attorney for Wilshire Insurance Company*

[ ✓ ] E-FILE
[   ] US MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED

OF HIRST APPLEGATE, LLP
Attorneys for Plaintiff