**BILLIE LM ADDLEMAN**
**WHITNEY M. AGOPIAN**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
wagopian@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGIA-PACIFIC LLC, | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | Civil No. 10-CV-0083-NDF |
| | } | |
| DIVERSIFIED TRANSFER AND | } | |
| STORAGE, INC. and WILSHIRE | } | |
| INSURANCE COMPANY, | } | |
| | } | |
| Defendant. | } | |

## PLAINTIFF GEORGIA-PACIFIC'S RESPONSE TO DIVERSIFIED TRANSFER AND STORAGE, INC.'S MOTION FOR RECONSIDERATION

Georgia-Pacific LLC ("Georgia-Pacific") responds to Diversified Transfer

and Storage, Inc's ("Diversified") *Motion for Reconsideration* as follows:

# *INTRODUCTION*

This case arises out of a contract entered into by Plaintiff Georgia-Pacific and Defendant Diversified, whereupon Diversified would provide vehicles and drivers to pick up and transport materials from Georgia-Pacific.  Defendant Wilshire Insurance Company, Inc. ("Wilshire") provided insurance coverage for Diversified, whereupon Georgia-Pacific was to be named an additional insured under Diversified's policy. The Court previously heard Diversified's arguments in its Motion to Dismiss and Reply Brief, and the Court correctly held that Plaintiff's claims survive.  Diversified fails to present the Court with any "new" reason to reverse itself.  Again, Diversified confuses the duty to defend with the duty to indemnify

I.     **This Court should follow Georgia law and require Diversified to investigate Richard Waltman's claims before it rejects its duty to defend.**

Absent Georgia case law to the contrary, which Diversified fails to provide, the Court appropriately found that there was "no reason why it should not approach the duty to defend under a contractual 'defend, hold harmless and indemnify' provision in the same manner" as in the insurance setting. *Order* at 6-7.  Diversified fails to provide any Georgia law distinguishing indemnity agreements from liability insurance policies. *See Diversified's Memorandum of Law* at 2. The Georgia cases that counsel for Diversified cite merely stand for the proposition that Georgia courts will not imply an indemnity agreement for one's own negligence in the absence of express language. *Allstate Ins. Co. v. City of Atlanta*, 415

S.E.2d 308, 310 (Ga. Ct. App. 1992); *Ryder v. Bellsouth*, 642 S.E.2d 695, 737 (Ga. 2007);

*Park Pride Atlanta, Inc. v. City of Atlanta*, 541 S.E.2d 687, 690-91 (Ga. Ct. App. 2000);

*Service Merchandise Co. v. Hunter Fan Co.*, 617 S.E.2d 235, 237-38 (Ga. Ct. App. 2005).

Again, Diversified confuses the duty to indemnify with the separate duty to defend.

The Court should follow the Georgia law cited in the Court's *Order* denying

Diversified's Motion to Dismiss.  As stated by this Court, "it makes no sense to allow

unchecked allegations of a third party to irrefutably determine Georgia-Pacific's rights under

its agreement with DTS." *See Order* at 8.  The Contract clearly states that Diversified will

"defend" Georgia-Pacific for all injuries or deaths arising out of the terms of the work

Diversified contracted to perform. *See Contract* at ¶7 (c).  Because of Georgia-Pacific's

contention that the injury arose from the work that Diversified was hired to perform, and

that it did not owe Waltman a duty, the allegations are arguably, if not clearly, within the

terms of the agreement for indemnity.  Because of Georgia-Pacific's contention, this Court

found that Diversified has a duty to investigate the facts to determine whether it has a duty

to defend. *See Order* at 8.  Therefore, Diversified should conduct a preliminary

investigation in order to ascertain whether the accident was within the contractual terms and,

if so, defend Georgia-Pacific.

## II.     The duty to defend and the duty to indemnify are separate duties; Georgia-Pacific has an absolute right to a defense.

Unable to find Georgia case law supportive of its position, Diversified asks the Court to look to other states in order to avoid its duty to defend. Obviously, none of these cases are binding upon this Court. However, Wyoming case law, where Diversified's work was performed and the incident occurred, is persuasive on the duty to defend. Wyoming, like Georgia, has recognized the duty to defend and the duty to indemnify are two separate duties whether they arise from insurance contract or otherwise. *See Nationwide Mut. Fire Ins., Co. v. Somers*, 591 S.E.2d 430, 433 (Ga. App. 2003)(citing *City of Atlanta v. St. Paul Fire & Ins. Co.*, 498 S.E.2d 782 (Ga. App. 1998); *Allstate Ins. Co. v. Harkleroad*, 2010 U.S. Dist. LEXIS 51240 (S.D. Ga. May 24, 2010); *see also Elan Pharm. Research Corp. v. Employers Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998)(acknowledging distinction between the two duties). There is a difference between the duty to indemnify and the duty to defend, whether these duties arise in the context of an insurance contract or a private contract between two businesses.

In *Boston Ins. Co. v. Maddux Well Serv.*, 459 P.2d 777, 780 (Wyo. 1967), the Wyoming Supreme Court held that the duty to defend, as derived from the contract at issue, was not contingent upon the allegations of negligence against the indemnitee being true. In this case, the Contract requires a defense if "arising out of or predicated upon the operation of trucks" hired by Diverisifed. Despite Diversified's constant assertion, the duty to defend

is not synonymous with the duty to indemnify for the indemnitee's own negligence and, therefore, is not prohibited.

In *Northwinds of Wyoming v. Phillips Petroleum Co.*, 779 P.2d 753 (Wyo. 1989), the Wyoming Supreme Court analyzed the duty to indemnify and the duty to defend as two separate contractual terms. With respect to the duty to defend, the Court held that "Phillips is not seeking indemnification for its own negligence, but rather is simply seeking to enforce an alleged contractual duty to defend." *Northwinds*, 779 P.2d at 759. The *Northwinds* court employed a different standard of review when examining a duty to defend as opposed to a duty to indemnify a party for its own negligence.[1] Ultimately, the Wyoming Supreme Court found there was a duty to defend under the contract even when the party was not entitled to indemnity. This further shows the two contractual duties are not synonymous.

Pursuant to the Contract, it does not matter who the claimant sues or who the claimant alleges is at fault. Instead, if a claim is asserted against Georgia-Pacific that arises out of the work Diversified was hired to perform, Diversified is obligated to provide Georgia-Pacific with a defense. The Contract only exempts situations where Georgia-Pacific's negligence caused the injury for which liability is imposed. The fact that Waltman

---

[1]      *Id.* ("The rule of strict construction does not apply and the duty to defend provision is subject to a broad rule of construction."). In *Northwinds*, the Court recognized that the duty to defend was not as narrowly construed as the duty to indemnify. Specifically, the Court found that while the indemnitee was not entitled to indemnity for its own negligence, it was entitled to a defense under the Contract. *Id.* at 759.

understandably named only Georgia-Pacific as party does not serve to negate this duty. As

stated by this Court, "it makes no sense to allow unchecked allegations of a third party to

irrefutably determine Georgia-Pacific's rights under its agreement with DTS." Only if

Georgia-Pacific is found solely at fault will Diversified be relieved of the duty to indemnify.

Since that determination has not yet been made, this Court cannot yet resolve this issue other

than to declare the rights of the parties.

III.    **Regardless of whether Diversified pays for Georgia-Pacific's defense costs now or after a decision on the merits, Diversified will have pay the cost of defense since Georgia-Pacific was not negligent.**

Under Wyoming premises law and the law set out by this Court in *Boswell v.*

*CETCO*, 236 F.R.D. 682, 691-93 (D. Wyo. 2006),[2] Georgia-Pacific was not negligent.

Under Wyoming law a legal duty is an ingredient of negligence. Georgia-Pacific, however,

did not owe Richard Waltman, an independent contractor, any legal duty unless it 1)

exercised control and a pervasive role over his work or 2) assumed an affirmative safety

duty. *Hittel v. WOTCO, Inc.*, 996 P.2d 673, 678 (Wyo. 2000); *Franks v. Indep. Prod. Co.*,

96 P.3d 484, 492 (Wyo. 2004); *Boswell v. CETCO*, 236 F.R.D. at 691-93 (D. Wyo. 2006);

*Hjelle v. Mid-State Consultants, Inc.*, 394 F.3d 873, 877 (10th Cir. 2005)(applying

Wyoming law); *Dow v. Louisiana Land & Exploration Co.*, 77 F.3d 342, 344 (10th Cir.

---

[2] In *Boswell*, the United States District Court for the District of Wyoming held that an owner/operator did not have a duty to provide fall protection to an independent truck driver tarping his load. More specifically, an owner/operator can load a truck, make the driver tarp his load, tell him where to tarp the load, and provide him no fall protection or equipment whatsoever without creating a duty. **The Tenth Circuit Court of Appeals affirmed the decision.** 215 Fed. Appx. 771 (10th Cir. 2007).

1996) (applying Wyoming law). Georgia-Pacific did neither and thus it did not owe Waltman any legal duty. Because Georgia-Pacific did not owe Waltman a legal duty, it is entitled to a defense (and indemnity).

Finally, if for some reason the Court follows the reasoning of Diversified and dismisses the claims for indemnity and the duty to defend, it could potentially lead to an absurdly inconsistent result. It is expected that this Court will follow its prior ruling in *Boswell* and the progeny of other premises liability cases and find Georgia-Pacific did not owe a duty to Waltman and was not negligent. In that case, the Court will have found, as a matter of law, Georgia-Pacific was not negligent, while having found that, despite its lack of negligence, Georgia-Pacific was not entitled to indemnity and defense in this case. The Court should affirm its prior ruling and require Diversified to perform its duty to investigate the underlying claims.

Unlike Georgia, the Fifth Circuit and Louisiana courts have distinguished liability insurance policies from indemnity agreements. *See e.g. Meloy v. Conoco*, 817 F.2d 275 (5th Cir. 1987) (reasoning that an insurer's duty to defend arises whenever the pleadings allege the possibility of liability, while an indemnity agreement does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss). In applying this distinction, Louisiana courts have recognized that when a tort action is filed which alleges fault, and the indemnitor assumes the indemnitee is at fault because of allegations in the complaint, or because of its own assumptions, and refuses to furnish a defense, the

indemnitor may wait until the indemnitee's fault is established at trial [or on summary judgment]. *Waller v. Chevron, USA, Inc.*, 630 F. Supp. 313, 318 (M.D. La. 1986). However, if the trial [or motion] determines that the indemnitee is not at fault, then the indemnitor, who had a contractual duty to defend, must pay the costs of the indemnitee's successful defense. *Id.; see also Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 51 (La. 2005) (*citing Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987)) (indemnification for defense costs do not arise until the lawsuit is concluded and defense costs are paid).

Therefore, even under the Louisiana law relied on by Diversified, Diversified will be obligated to pay for Georgia-Pacific's defense costs if it is determined that Georgia-Pacific is not liable to Richard Waltman. *See Waller*, 630 F. Supp. at 318 (indemnitor must pay for an indemnitee's successful defense).

### IV.    Diversified contracted to ensure appropriate levels of insurance were in place.

In its Motion for Reconsideration, Diversified does not appear to challenge the Court's ruling with respect to Georgia-Pacific's claim for breach of contract for failure to secure the appropriate levels of insurance including the requirement that Georgia-Pacific be listed as an additional insured under Diversified's Commercial General Liability Policy (CGL). In this case, Diversified thinks it obtained the required insurance under the Contract, including listing Georgia-Pacific as an additional insured as shown by the Talbot Certificate of Insurance. *See Diversified's Memorandum in Support of Motion to Dismiss* at p.4

("Whether Talbot actually added G-P to the policy is not known by [Diversified]").

However, Wilshire denies issuing the Talbot Certificate of Insurance showing Georgia-

Pacific as an additional insured. Discovery will reveal whether or not Diversified complied

with the terms of the Contract. If it failed to do so, Diversified breached that contract and

Georgia-Pacific has incurred damages as a result. To the extent the Court reviews the claim

for breach of contract, Georgia-Pacific incorporates by reference its earlier argument in the

July 6, 2010 Plaintiff's Response to Motion to Dismiss (Document No. 18) at pp. 17-19.

### V.    Wilshire has a duty to investigate the facts and defend Georgia-Pacific.

While not particularly relevant to the issues raised in the instant motion,

counsel for Diversified correctly states that an insurer, such as Wilshire Insurance Company

("Wilshire"), has a duty to investigate the true facts and defend where there is a possibility

of coverage. See Loftin v. U.S. Fire Ins. Co., 127 S.E.2d 53, 59 (Ga. Ct. App. 1962) (insurer

can decide to defend after a preliminary investigation of the facts); Colonial Oil Indus. v.

Underwriters Subscribing to Policy Nos. T031504671, 491 S.E.2d 337, (Ga. 1997) (once

apprised of facts that would bring the claim within the policy's coverage, an insurer has a

duty to investigate). Therefore, Wilshire cannot refuse Georgia-Pacific a defense until it has

completed an investigation of the facts.

Additionally, if it is shown that Talbots was authorized to act on behalf of

Wilshire, it had approval to issue the Certificate of Insurance, and there was intent to

incorporate Georgia-Pacific into Wilshire's policy when it named Georgia-Pacific as an additional insured on the Certificate of Insurance, Wilshire cannot refuse Georgia-Pacific a defense on the basis that it was not an additional insured. *Sumitomo Marine & Fire Ins. v. Southern Guaranty Ins.*, 337 F.Supp.2d 1339, 1344, 1352 (N.D. Ga. 2004); *See* Certificate of Insurance, HA 2253. Moreover, because the policy naming Georgia-Pacific as an additional insured contained the phrase "arising out of" Wilshire should defend Georgia-Pacific regardless of whether the fault was attributable to Georgia-Pacific or Diversified. *Ryder Integrated Logistics, Inc. v. BellSouth Telecoms., Inc.*, 627 S.E.2d 358, 364 (Ga. Ct. App. 2006), *rev'd on other grounds*, 642 S.E.2d 696 (Ga. 2007).

Diversified correctly asserts that Wilshire has an absolute duty investigate the true facts and provide a defense to Georgia-Pacific, even for its own negligence, regardless of this Court's determination as to Diversified's duty to investigate and defend. However, Diversified has the same absolute duty to investigate.

## VI.    Conclusion

For the foregoing reasons, this Court should find that Diversified has a duty to investigate the facts of this case to determine whether it has a duty to defend. However, if Diversified chooses to forego this investigation, and Georgia-Pacific is found faultless, this Court should order Diversified to indemnify Georgia-Pacific for the cost of its successful defense. Finally, the Court should find that Wilshire has an absolute duty to investigate the facts of this case and then defend Georgia-Pacific when it is found faultless.

Dated:  8 September 2010.

GEORGIA-PACIFIC LLC, Plaintiff

BY: _____
**BILLIE LM ADDLEMAN, #6-3690**
**WHITNEY M. AGOPIAN, #7-4521**
OF HIRST APPLEGATE, LLP
Attorneys for Plaintiff
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY  82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
wagopian@hirstapplegate.com

## CERTIFICATE OF SERVICE

I certify the foregoing *Plaintiff Georgia-Pacific's Response to Diversified Transfer and Storage, Inc.'s Motion for Reconsideration* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 8 September 2010, and that copies were served as follows:

George Santini
Ross, Ross, & Santini, LLC
307 East 18th Street
Cheyenne, WY  82001
T: 307-632-8957
F: 307-632-8960
Email: George@ross-santini.com
*Attorney for Diversified Transfer & Storage*

[ ✓ ] E-FILE
[   ] US MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED

Liese G. Howarth
Gallagher & Howarth, P.C.
Suffield Village
68 Bridge Street, Suite 207
Suffield, CT  06078
T: 860-254-5434
F: 860-254-5430
Email: howarthlaw@aol.com
*Attorney for Diversified Transfer and Storage*

[ ✓ ] E-FILE
[   ] US MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED

Curtis B. Buchhammer
Buchhammer & Kehl, P.C.
1821 Logan Avenue
PO Box 568
Cheyenne, WY  82003-0568
T: 307-634-2184
F: 307-634-2199
Email: cbb@wyoming.com
*Attorney for Wilshire Insurance Company*

[ ✓ ] E-FILE
[   ] US MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED

Christina M. Shebeau
OF HIRST APPLEGATE, LLP
Attorneys for Plaintiff