Curtis B. Buchhammer
Buchhammer & Kehl, P.C.
1821 Logan Ave.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
(307) 634-2199 (fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGIA-PACIFIC, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 10-CV-0083-F |
| DIVERSIFIED TRANSFER AND STORAGE, INC., and WILSHIRE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## ANSWER TO CROSS-CLAIM

COMES NOW Wilshire Insurance Company ("Wilshire"), by and through counsel, and answers and responds to the Cross-Claim against it by Diversified Transfer and Storage, Inc. ("DTS"), as follows:

1. Answering paragraph 1, Wilshire admits the allegations contained in the first sentence thereof. Wilshire is generally without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 1 and accordingly denies the same.

2. Answering paragraph 2, Wilshire states that is it generally without knowledge

or information sufficient to either admit or deny the allegations thereof and accordingly denies the same.

3. Answering paragraph 3, Wilshire admits the allegations contained in the first sentence thereof. Wilshire is generally without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 3 and accordingly denies the same.

4. Answering paragraph 4, Wilshire denies the allegations contained therein.

5. Answering paragraphs 5, Wilshire admits that on or about April 28, 2010, G-P filed suit against DTS. Each and every other allegation of paragraph 5 not specifically admitted herein is denied. Wilshire specifically avers that the suit filed against DTS by G-P is one in which multiple claims have been asserted that include those for alleged independent breaches of contract by DTS and for declaratory and specific relief for which there is no duty by Wilshire to defend.

6. Answering paragraph 6, Wilshire states that the allegations contained therein are so vague and ambiguous as to make it impossible to formulate either an admission or a denial, accordingly, Wilshire denies the allegations of paragraph 6 for lack of knowledge or information.

7. Answering paragraphs 7, 8, 9, 10 and 11, Wilshire denies the allegations contained therein.

8. Answering paragraph 12, Wilshire restates and incorporates herein by this

reference each of its responses to the allegations incorporated therein.

9.  Answering paragraphs 13 and 14, Wilshire denies the allegations contained therein. Wilshire specifically avers that G-P was neither an "additional named insured" nor a "named insured" under the policy at issue.

10. Answering paragraph 15, Wilshire restates and incorporates herein by this reference each of its responses to the allegations incorporated therein.

11. Answering paragraphs 16, 17, 18 and "a" (which appears to have been mislabeled and likely was to be paragraph 19), Wilshire denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.  Wilshire denies each and every allegation of DTS's Cross-Claim not specifically admitted herein.

2.  As a further and separate defense, Wilshire alleges that DTS's Cross-Claim fails to state a cause of action against it upon which relief can be granted.

3.  As a further and separate defense, Wilshire alleges that DTS's Cross-Claim, whether in part or in whole, is improper, violates the abstention doctrine, and constitutes multiple and vexatious litigation in that it seeks a declaration of rights and relief that is already at issue in the lawsuit by G-P against DTS and Wilshire.

4.  As a further and separate defense, Wilshire alleges that it has no duty, whether contractually or otherwise, to defend DTS for any of the claims asserted against

it by G-P in the subject action. Specifically, the Wilshire policy does not afford coverage for claims sounding in contract, declaratory relief, or specific performance.

5.  As a further and separate defense, Wilshire alleges that DTS's Cross-Claim appears to be asserting rights on behalf of G-P and that DTS is without standing to do so.

6.  As a further and separate defense, Wilshire alleges that G-P was not an additional insured under the Wilshire policy now at issue.

7.  As a further and separate defense, Wilshire alleges that it has no relationship, contractual or otherwise, with G-P upon which any duty or obligation of good faith and fair dealing was created.

8.  As a further and separate defense, Wilshire did issue a certificate of insurance naming G-P as an additional insured under the policy now at issue.

9.  As a further and separate defense, Talbot Agency, Inc., did not have binding authority for Wilshire and no endorsement was ever issued by Wilshire naming G-P as an additional insured under the policy now at issue.

10. As a further and separate defense, there was no reliance, reasonable or otherwise, by DTS upon the actions taken by Talbot or Wilshire and DTS, by and through its counsel has previously asserted and agreed with Wilshire that there was no duty to defend G-P in the underlying personal injury action asserted by Richard Waltman and R. Waltman Trucking.

11. Wilshire restates and incorporates herein by this reference each of the

Affirmative Defenses that are contained in its June 3, 2010, Answer to the Complaint filed against it herein by G-P.

12.     Wilshire reserves the right to supplement its defenses as discovery in this matter progresses.

WHEREFORE, Defendant Wilshire Insurance Company prays that the Cross-Claim of Defendant Diversified Transfer and Storage, Inc., and all actions thereon, be dismissed, that Defendant Wilshire Insurance Company be allowed its costs, and for such other and further relief as the Court may deem just and proper.

DATED this 29th day of September, 2010.

Wilshire Insurance Company, Defendant.

By: _____
Curtis B. Buchhammer, # 5-2230
Buchhammer & Kehl, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, Wyoming 82003-0568
(307) 634-2184
Fax (307) 634-2199
E-mail: cbb@wyoming.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded as noted below, this 29th day of September, 2010:

| | | |
|---|---|---|
| Billie LM Addleman<br>Whitney M. Agopian<br>Hirst Applegate, LLP<br>P.O. Box 1083<br>Cheyenne, WY 82003-1083 | | Facsimile |
| | | U.S. Mail |
| | | Overnight Courier |
| | x | Electronic Service via CM/ECF |
| George Santini<br>Ross, Ross & Santini, LLC<br>307 E. 18th St.<br>Cheyenne, WY 82001 | | Facsimile |
| | | U.S. Mail |
| | | Overnight Courier |
| | x | Electronic Service via CM/ECF |
| Liese G. Howarth<br>Gallagher & Howarth, P.C.<br>P.O. Box 869<br>Suffield, CT 06078 | | Facsimile |
| | | U.S. Mail |
| | | Overnight Courier |
| | x | Electronic Service via CM/ECF |

_____
Curtis B. Buchhammer